IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

Melvin Marinkovic,

Case No.  1:20cv1485

Plaintiff,

-vs-

JUDGE PAMELA A. BARKER

Holly Hazelwood,

MEMORANDUM OPINION & ORDER

Defendant

Currently pending are the following Motions filed by *pro se* Plaintiff Melvin Marinkovic: (1) "Notice of and Motion to Clarify or Amend Referral Order to Magistrate Judge and/or Motion for Partial Judgment on the Pleadings" (Doc. No. 19); (2) "Notice of and Motion to Record all Hearings" (Doc. No. 20); and (3) "Notice of and Motion to Re-Set Pre-Trial Dates after the Court Lifts the Jurisdictional Limitation on Discovery" (Doc. No. 34.)

For the following reasons, Plaintiff's "Notice of and Motion to Clarify or Amend Referral Order to Magistrate Judge and/or Motion for Partial Judgment on the Pleadings" (Doc. No. 19) and "Notice of and Motion to Re-Set Pre-Trial Dates after the Court Lifts the Jurisdictional Limitation on Discovery" (Doc. No. 34) are DENIED.  Plaintiff's "Notice of and Motion to Record all Hearings" (Doc.  No. 20) is GRANTED as set forth herein.

I.  **Relevant Procedural History**

On July 7, 2020, Plaintiff filed a *pro se* Complaint in this court stemming from injuries allegedly sustained in a car accident on July 27, 2018 in Cuyahoga County, Ohio. (Doc. No. 1.) Therein, Plaintiff alleged that, at the time of the accident, he was working as a driver for a medical transportation company based in Highland Hills, Ohio.  (*Id*. at ¶ 3.) Plaintiff also alleged that he "is

domiciled in New York, has a New York residence, New York bank accounts, and intends to return to New York after his current projects are done." (*Id*. at ¶ 1.)  In the caption of the Complaint, Plaintiff lists a P.O. Box in San Diego, California.  (*Id*. at p. 1.)  Defendant Holly Hazelwood filed an Answer on December 21, 2020.  (Doc. No. 7.)

The Court conducted a telephonic status conference on February 4, 2021.  At that time, the Court noted that Defendant had indicated, in the Report of Parties' Planning, that she did not believe that this Court had jurisdiction to hear the instant matter because there is no diversity of citizenship. (Doc. No. 11 at p. 3.) The Court determined that this potential jurisdictional issue should be addressed before proceeding with general discovery in this matter. *See* Minutes of Proceeding dated Feb. 4, 2021.  Accordingly, the parties were directed to engage in "limited, jurisdictional discovery, to be completed by May 5, 2021." *Id.*  The parties were permitted to file jurisdictional briefing and/or motions, as deemed appropriate, by no later than May 20, 2021.  *Id.*

On April 20, 2021, Plaintiff filed a "Notice of and Motion for Protective Order and Motion to Clarify Scope of Discovery for Jurisdiction."  (Doc. No. 14.)  Defendant filed a response the next day, to which Plaintiff replied.  (Doc. Nos. 15, 16.)  On April 28, 2021, the Court referred the motion to the Magistrate Judge David Ruiz for a decision.  (Doc. No. 17.)

On April 30, 2021, the Magistrate Judge issued an Order denying Plaintiff's Motion for Protective Order, as follows:

> Plaintiff's motion asserts that Defendant waived any challenge to diversity jurisdiction by failing to file a Rule 12 motion, and therefore, "everything defendant asks about [the diversity] issue is improper and oppressive." (R. 14, PageID#: 132). Plaintiff's contention that any challenge to diversity jurisdiction has been waived is premature and may be raised in his brief regarding jurisdiction after court-ordered discovery has occurred. The Court has specifically ordered discovery on the diversity issue. Plaintiff's refusal to provide discovery responses is tantamount to contumacious conduct.

2

> Furthermore, a review of the interrogatories posed to Plaintiff, as summarized in Plaintiff's responsive letter attached to his motion (R. 14-1), are rather straight-forward and ask Plaintiff for his legal name, aliases or other names he has used, his date of birth, his present and past addresses, his employers in Ohio, his current residence, the state where he is registered to vote, property he has held or sold, his current driver's license, all Ohio residences, his P.O. Box addresses, and the state where his car is registered. *Id.* The court finds all of these interrogatories are reasonably related to the limited, jurisdictional discovery already ordered by the court to proceed. None of the requests are oppressive or burdensome. To the extent the interrogatories lack time limits, the court finds that Plaintiff's responses may be limited to the following timeframe: five years before the date of the accident giving rise to the complaint up to and including the date of Plaintiff's discovery responses.

(Doc. No. 18.)

The docket reflects that Defendant did not file any motions challenging the existence of diversity jurisdiction in this matter by the May 20, 2021 deadline imposed by this Court. The Court, therefore, scheduled and conducted a Case Management Conference on June 16, 2021. (Doc. No. 22.) During that conference, the Court explained that, since no motions were filed relating to the issue of diversity jurisdiction, it was now time to set case management deadlines for general discovery, expert discovery, and dispositive motions. After discussion with Plaintiff and counsel for the Defendant, the Court set a general discovery deadline of November 15, 2021; an expert discovery deadline of February 15, 2022; and a dispositive motions deadline of March 15, 2022. (*Id.*)

Meanwhile, on June 14, 2021, Plaintiff filed a "Notice of and Motion to Clarify or Amend Referral Order to Magistrate Judge and/or Motion for Partial Judgment on the Pleadings" and a "Motion to Record All Hearings." (Doc. Nos. 19, 20.) Defendant filed a Brief in Opposition to the former Motion, to which Plaintiff replied. (Doc. Nos. 23, 28.)

In July and August 2021, Plaintiff filed a series of additional motions, including a Motion for Protective Order (Doc. No. 25), Motion to Amend Complaint (Doc. No. 32), Motion for Leave to

3

Depose the Undersigned District Judge (Doc. No. 33), and Motion to Re-Set Pretrial Dates (Doc. No. 34). Defendant also filed several motions, including a Motion to Bifurcate (Doc. No. 24) and a Motion to Compel Discovery (Doc. No. 31.)[1]

The Court will now address the following three of Plaintiff's pending Motions: (1) "Notice of and Motion to Clarify or Amend Referral Order to Magistrate Judge and/or Motion for Partial Judgment on the Pleadings" (Doc. No. 19); (2) "Notice of and Motion to Record all Hearings" (Doc. No. 20); and (3) "Notice of and Motion to Re-Set Pre-Trial Dates after the Court Lifts the Jurisdictional Limitation on Discovery" (Doc. No. 34.)

## II. Analysis

### A. Motion to Clarify or Amend Referral Order to Magistrate Judge and/or Motion for Partial Judgment on the Pleadings (Doc. No. 19)

In his Motion to Clarify/Amend, Plaintiff argues that this Court improperly referred the issue of diversity jurisdiction to the Magistrate Judge and complains that the Magistrate Judge failed to properly address it. (Doc. No. 19 at p. 2.) He seeks a "formal ruling" from the undersigned that Defendant "waived any diversity challenge" by failing to raise lack of diversity as an affirmative defense in her Answer. (*Id*. at pp. 2-3.) While Plaintiff acknowledges that subject matter jurisdiction cannot be waived, he asserts that diversity jurisdiction is "not an issue of subject matter jurisdiction." (*Id.* at pp. 3, 8.) Rather, Plaintiff argues that diversity of citizenship is an issue of personal jurisdiction. (*Id.* at pp. 5, 8.) Plaintiff maintains that "the court must find that the defendant waived a challenge to diversity by failing to put it in the answer and, therefore, the jurisdictional discovery is moot and must stop because defendant cannot challenge diversity jurisdiction at all." (*Id.* at p. 10.)

---

[1] The parties' discovery-related motions have been referred to Magistrate Judge Ruiz for disposition. *See* Doc. No. 30, Non-Document Order dated August 5, 2021.

4

Alternatively, Plaintiff argues that "the court must find that because defendant failed to file a dispositive motion against diversity by the May 20 deadline the judge set, the defendant has waived that challenge even if she did not waive it previously." (*Id*.)

In response, Defendant argues that diversity jurisdiction is an issue of subject matter (not personal) jurisdiction.  (Doc. No. 23.)  Defendant maintains that lack of diversity jurisdiction is, therefore, "not a waivable defense." (*Id*. at p. 2.)

For the following reasons, Plaintiff's Motion is without merit and denied.  As an initial matter, this Court did not refer any issues to the Magistrate Judge relating to the existence of diversity jurisdiction and/or any potential waiver of that defense.  Rather, the Court's Order of Referral (Doc. No. 17) is clearly limited to the discovery issues raised in Plaintiff's Motion for Protective Order and Motion for Clarify Scope of Discovery.  Plaintiff's argument that the Court improperly referred a dispositive jurisdictional issue to the Magistrate Judge is factually inaccurate, without merit, and denied.

Next, the Court rejects Plaintiff's argument that diversity jurisdiction is an issue of personal jurisdiction and, therefore, can be waived.  To the contrary, it is well-settled that diversity of citizenship is a source of subject matter jurisdiction, not personal jurisdiction.  *See Brown v. Lust*, 487 F.Supp.2d 910, 917 (N.D. Ohio 2007) ("To establish subject matter jurisdiction, a plaintiff's complaint must show either the existence of a federal question, pursuant to 28 U.S.C. § 1331, or diversity of the parties involved in the lawsuit, pursuant to 28 U.S.C. § 1332.")  *See also Novick v. Frank*, 2017 WL 4863168 at * 1 (6th Cir. June 6, 2017) ("The requirement to properly plead the states of the parties' citizenship is 'no mere exaltation of form over substance,' but rather is essential to establish subject matter jurisdiction under § 1332(a).") (quoting *Farmer v. Fisher*, 386 Fed. Appx.

554, 557 (6th Cir. 2010)).  And, as Plaintiff himself concedes, lack of subject matter jurisdiction cannot be waived and thus can be raised by the parties or by the court, *sua sponte*, at any time during the proceedings.  *See, e.g., Alongi v. Ford Motor Co.,* 386 F.3d 716, 728 (6th Cir. 2004) ("Subject-matter jurisdiction cannot be conferred by consent of the parties, nor can it be waived.") (citing *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir.2003)).  *See also Watson v. Cartee,* 817 F.3d 299, 302 (6th Cir. 2016); *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 550 (6th Cir. 2008); *Fannie Mae v. Yousif,* 2012 WL 13013367 at * 1 (E.D. Mich. Oct. 10, 2012).

Accordingly, Plaintiff's Motion to Clarify or Amend Referral Order to Magistrate Judge and/or Motion for Partial Judgment on the Pleadings is denied.

**B.     "Notice of and Motion to Re-Set Pre-Trial Dates after the Court Lifts the Jursidictonal Limitation on Discovery" (Doc. No. 34)**

In his Motion to Re-Set Pretrial Dates, Plaintiff argues that the Court has not yet lifted the limitation to jurisdictional discovery only and, therefore, all of Defendant's current discovery requests are void.  (Doc. No. 34 at pp. 1-2.)  He further asserts that he has not propounded any discovery "because he has no jurisdictional issues to raise and is waiting for the right to commence discovery."  (*Id.*)  Plaintiff argues that "he has waited for 6 months for the right to engage in discovery" and now "asks the court to give him back this lost 6 months, plus how ever many more months it takes for the court to lift the restriction and extend the deadlines by those 6+ months."  (*Id.*)

Plaintiff's motion is without merit and denied.  As noted above, the Court conducted a CMC on June 16, 2021.  Plaintiff participated in this conference, as did counsel for Defendant.[2]  During the CMC, the Court clearly explained that, since no jurisdictional motions had been filed, it was time to

---

[2] A court reporter was also present and transcribed the entirety of the conference.

6

set case management deadlines, including for "general discovery," expert discovery, and dispositive motions.  The general discovery deadline was set for November 15, 2021, and the expert deadline was set for February 15, 2022.  (Doc. No. 22.)  It is entirely disingenuous for Plaintiff to now claim that the Court did not lift the "jurisdictional limitation on discovery."  In addition, it goes without saying that it is inappropriate for Plaintiff to refuse to answer Defendant's discovery requests on the basis that they are not limited to jurisdictional issues and are, therefore, "void."

The Court will not reset the discovery and dispositive motions deadlines in this matter at this time.  Plaintiff's Motion is without merit and denied.

### C.    Motion to Record all Hearings (Doc. No. 20)

Finally, Plaintiff asks the Court to have a court reporter transcribe all status conferences and hearings in this matter.  (Doc. No. 20.)  Defendant has not opposed Plaintiff's Motion.

In the exercise of its discretion, the Court will grant Plaintiff's Motion and shall arrange, to the extent practicable, to have a court reporter present for all proceedings conducted in this matter.[3] The Court notes as follows, however.  Plaintiff appears to be under the impression that he is entitled to have copies of transcripts of court proceedings mailed to him by this Court.  *See* Doc. No. 28 at p. 1.  Plaintiff cites no authority in support of this proposition and the Court is aware of none.  Thus, while the Court will make every effort to have all court proceedings transcribed, it will not, *sua sponte,* provide Plaintiff with copies of all such transcripts at Court expense.  If he wishes to obtain such transcripts, Plaintiff must make arrangements with the court reporter to obtain them by using

---

[3] This includes any proceedings that may be conducted by the Magistrate Judge.

7

the Non-Appeal Transcript Order form located on this Court's website.  *See* Local Rule 80.1; Appendix G to the United States District Court, Northern District of Ohio Local Civil Rules.

## III.    Conclusion

Accordingly, and for all the foregoing reasons, Plaintiff's "Notice of and Motion to Clarify or Amend Referral Order to Magistrate Judge and/or Motion for Partial Judgment on the Pleadings" (Doc. No. 19) and "Notice of and Motion to Re-Set Pre-Trial Dates after the Court Lifts the Jurisdictional Limitation on Discovery" (Doc. No. 34) are DENIED.  Plaintiff's "Notice of and Motion to Record all Hearings" (Doc.  No. 20) is GRANTED as set forth herein.

**IT IS SO ORDERED.**


*s/Pamela A. Barker*
PAMELA A. BARKER
Date: August 17, 2021                              U. S. DISTRICT JUDGE