IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Melvin Marinkovic, | Case No. 1:20cv1485 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Holly Hazelwood, | MEMORANDUM OPINION & ORDER |
| Defendant | |

Currently pending are *pro se* Plaintiff Melvin Marinkovic's "Notice of Motion to Amend Complaint" (Doc. No. 32), Motion for Leave to Depose the Undersigned (Doc. No. 33), and Motion to Strike (Doc No. 43.) Also pending is Non-Party Liberty Mutual Insurance Company's Motion to Intervene as a Party for the Limited Purpose of Filing a Brief in Opposition to Plaintiff's Motion to Amend Complaint (Doc. No. 37.) For the following reasons, Plaintiff's Motion to Amend Complaint is GRANTED. Plaintiff's Motion for Leave to Depose the Undersigned and Motion to Strike are DENIED. Lastly, Non-party Liberty Mutual's Motion to Intervene is DENIED AS MOOT.

I.  Background

   A.   The July 2018 Motor Vehicle Accident

The following factual allegations are taken from Plaintiff's Complaint. On the morning of July 27, 2018, Plaintiff was traveling west in his motor vehicle on a public street in the City of Lyndhurst, Ohio. (Doc. No. 1 at ¶ 6.) Defendant Holly Hazelwood (hereinafter "Defendant" or "Holly") was operating a motor vehicle behind Plaintiff. (*Id*.)

According to Plaintiff, Holly "activated her turn signal to move to the left of plaintiff and she sped up to 20 miles faster than the posted speed limit and made her turn to the left side of plaintiff's

car in a violent jerk and then faced opposing traffic and did not have enough room in front of her to pass plaintiff safely and get out of the lane of opposing traffic before an approaching vehicle hit her." (*Id.* at ¶ 7.) Plaintiff claims that Holly "then pulled up next to plaintiff on the left, then turned her head to the right to see plaintiff, and the next second turned her wheel violently to the right to forcefully push plaintiff out of the way . . . , causing [plaintiff] to fear for his safety, and slammed her vehicle directly into the left side of plaintiff's left leg and fender, making no attempt to use her brakes to actually slow down to avoid coming traffic and no attempt to avoid hitting plaintiff." (*Id.* at ¶ 8.) The impact pushed Plaintiff's car sharply into the curb. (*Id.* at ¶ 9.) Plaintiff states that the left door of his vehicle struck his left leg and that the left window struck his head. (*Id.*)

Plaintiff alleges that he suffered numerous physical and mental injuries as a result of this accident. With regard to this physical injuries, Plaintiff alleges that the accident "caused a movement of the lower portion of plaintiffs spine to the right in the direction of the impact that resemble a scoliosis but in the wrong direction, . . . , and a concussion, and numbness in the left leg followed after a few days by shooting pain down the left leg to the left foot, severe muscle spasms in the back that prevented plaintiff from standing or sitting for more than 30 minutes and interrupting his sleep every hour or every two hours every night for two years." (*Id.* at ¶ 11, 25-27, 37-44.) He also claims that whiplash from this incident aggravated injuries to his eyes that he originally suffered as a result of trauma to his head and neck in 1981. (*Id.* at ¶ 13, 28-31, 45-57.)

With regard to his mental injuries, Plaintiff acknowledges that he already had emotional distress relating to his pre-existing health problems but alleges that the July 2018 accident "made that distress far worse" in many respects. (*Id.* at ¶¶ 35, 36.) He claims that he sustained "this emotional damage because this accident eliminated his ability to work in any field except consulting work for

which he is not yet qualified and which would not require him to be in an office so he can stand or lie down at any time." (*Id*. at ¶ 61.) Plaintiff alleges that, because of this accident, he is "essentially on what might be fairly called a 'watch list' for suicide by his medical providers." (*Id*.)

### B. The 2019 Lawsuit against Candice Hazelwood

On July 29, 2019, Plaintiff filed a *pro se* Complaint in this Court against Holly's mother, Candice Hazelwood, apparently believing that Candice was the driver of the vehicle at the time of the accident. *See Marinkovic v. Hazelwood*, Case No. 1:19cv1710 (N.D. Ohio) (Doc. No. 1.) Plaintiff asserted claims against Candice for negligence and gross negligence. (*Id*.) Although the matter was originally assigned to the undersigned, the parties consented to the jurisdiction of the Magistrate Judge Jonathan Greenberg and the case was thereafter transferred to Judge Greenberg's docket in January 2020.[1] (*Id*. at Doc. Nos. 22, 23, 24.)

In July 2020, Plaintiff sought leave to amend his Complaint on the grounds that "the attorney for [Candice Hazelwood] represented to the court on June 11, 2020 that [Candice] is the owner, not the driver of the car that hit plaintiff." (*Id*. at Doc. No. 39.) Plaintiff's Motion was based on an affidavit submitted by Candice Hazelwood in support of her Motion for Summary Judgment. (*Id*. at Doc. No. 36-1). In this affidavit (dated May 12, 2020), Candice avers as follows: "I was the owner of the 2009 Subaru Forester involved in the July 27, 2018 motor vehicle accident in Cuyahoga County, Ohio." (*Id*.) The docket reflects that, at the time that this affidavit was submitted, Candice was represented by attorney Kesha Kinsey of The Law Offices of Raymond H. Decker, Jr. (*Id.* at Doc. No. 36.) On July 31, 2020, Magistrate Judge Greenberg issued a Memorandum Opinion &

---

[1] The docket reflects that, prior to the parties' consent to Magistrate Judge Greenberg, the undersigned conducted two telephonic conferences with the parties, on January 16, 2020 and January 28, 2020. (*Id*. at Doc. Nos. 20, 23.)

Order granting Plaintiff's Motion to the extent he sought leave to (1) withdraw his negligence and gross negligence claims, and (2) add claims of negligent entrustment and negligent infliction of emotional distress against Candice. (*Id*. at Doc. No. 47.)

In December 2020, Candice moved for summary judgment in her favor as to each of Plaintiff's claims. (*Id*. at Doc. No. 80.) In support of this Motion, Candice submitted a second affidavit, dated December 12, 2020, in which she averred that she was not, in fact, the owner of the vehicle in question. (*Id*. at Doc. No. 82.) Specifically, Candice averred that: "At the time of the automobile accident that occurred on July 27, 2018, which is the subject matter of this lawsuit, Holly Hazelwood was not operating a motor vehicle owned by me. Rather, at the time of the automobile accident that occurred on July 27, 2018. . . . , Holly Hazelwood was operating a motor vehicle that she personally owned." (*Id*. at Doc. No. 82, ¶¶ 5, 6.) No explanation was provided for the discrepancy between Candice's two contradictory affidavits regarding ownership of the vehicle in question. Plaintiff opposed the Motion and filed his own Motion for Partial Summary Judgment. (*Id*. at Doc. No. 86, 96.)

On March 26, 2021, Magistrate Judge Greenberg issued an Opinion granting Candice's Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment. (*Id*. at Doc. No. 98.) Judge Greenberg acknowledged the contradictory evidence regarding Candice's ownership of the vehicle but found that she was nonetheless entitled to summary judgment in her favor with respect to Plaintiff's negligent entrustment claim because "Plaintiff failed to respond to Defendant's Motion for Summary Judgment with any specific evidence in the record which creates a genuine issue of material fact on critical elements of his claim for negligent entrustment: that the Driver was in fact an incompetent driver; and that the Defendant knew at the time of the alleged

entrustment that the Driver was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the Defendant of such incompetency." (*Id.* at p. 14.) Judge Greenberg further found that Plaintiff had failed to come forward with any affirmative evidence to defeat Candice's Motion with respect to the negligent infliction of emotional distress claim. (*Id.* at p. 17.) With regard to the issue of the ownership of the vehicle, Judge Greenberg found as follows:

> Here, the Defendant does not offer an explanation for her inconsistent affidavits, nor even acknowledge the inconsistency. She offers no evidence of ownership besides her contradictory affidavits and a reference to an insurance policy "that was produced to Plaintiff at the start of this litigation," but was not provided to this Court. (Doc. No. 97 at 1.) However, this policy was not presented to the Court. Therefore, the issue of ownership of the car is an unresolved factual dispute. However, because summary judgment in favor of Defendant is proper even if the ownership issue were to be resolved in Plaintiff's favor, it is not material, and does not preclude the entry of summary judgment in this case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248 (Factual disputes that are irrelevant or unnecessary will not preclude the entry of summary judgment).

(*Id*. at pp. 20-21.) Plaintiff later filed Motions to Alter or Amend Judgment, for Reconsideration, and to Clarify the Record, each of which were denied. (*Id*. at Doc. Nos. 100, 105.) On June 14, 2021, he filed a Notice of Appeal to the Sixth Circuit Court of Appeals. (*Id.* at Doc. No. 109.) That appeal remains pending as of the date of this Order.

### C. The 2020 Lawsuit against Holly Hazelwood

Meanwhile, on July 7, 2020, Plaintiff filed the instant action against Holly Hazelwood, asserting claims for (1) negligence, (2) gross negligence, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress. (Doc. No. 1.) Holly filed an Answer on

5

December 21, 2020, and the undersigned conducted a telephonic conference on February 4, 2021.[2] (Doc. No. 7; Minutes of Proceedings dated Feb. 4, 2021.) During that conference, the Court noted that Holly had indicated, in the Report of Parties' Planning, that she did not believe that this Court had jurisdiction to hear the instant matter because there is no diversity of citizenship. (Doc. No. 11 at p. 3.) The Court determined that this potential jurisdictional issue should be addressed before proceeding with general discovery in this matter and directed the parties to engage in "limited, jurisdictional discovery, to be completed by May 5, 2021." *See* Minutes of Proceeding dated Feb. 4, 2021. The parties were permitted to file jurisdictional briefing and/or motions, as deemed appropriate, by no later than May 20, 2021. *Id.*

The docket reflects that no jurisdictional briefs were filed by May 20, 2021. The Court then conducted a Case Management Conference on June 16, 2021, at which deadlines were set for amendment of the pleadings/adding parties, general fact discovery, expert discovery, and dispositive motions. (Doc. No. 22.) Of particular note, the Court directed that "[t]he pleadings shall be amended without leave of Court and new parties shall be joined on or before August 16, 2021." (*Id.* at p. 1.)

On August 9, 2021, Plaintiff filed a "Notice of and Motion to Amend Complaint," along with his proposed First Amended Complaint. (Doc. Nos. 32, 32-1.) Therein, Plaintiff seeks to assert five (5) claims against four (4) new parties relating to the contradictory affidavits submitted by Candice in the 2019 lawsuit. (Doc. No. 32-1.) Specifically, Plaintiff seeks to add the following as defendants: Candice Hazelwood; Liberty Mutual Insurance Company; defense counsel Kesha Kinsey; and Ms. Kinsey's law firm, The Law Office of Raymond H. Decker, Jr. (*Id.*) Plaintiff reasserts his original

---

[2] At this time, Holly was represented by Ms. Kinsey. The parties did not consent to the jurisdiction of the Magistrate Judge.

6

claims for negligence, gross negligence, and negligent and intentional infliction of emotional distress, and seeks to add the following five claims: (1) Bad Faith/Fraud (Count V); (2) Violation of the Civil Rights Act, 42 U.S.C. § 1983 (Count VI); (3) Violation of the 5th Amendment of the United States Constitution (Count VII); (4) Civil Perjury (Count VIII); and (5) Civil Conspiracy (Count IX). (*Id*. at ¶¶ 182-268.) He seeks over $22 billion in compensatory and punitive damages. (*Id*. at p. 85.)

On August 23, 2021, Liberty Mutual Insurance Company ("Liberty Mutual") filed a "Motion to Intervene pursuant to Fed. R. Civ. P. 24(b) for the Limited Purpose of Filing a Memorandum in Opposition to Plaintiff's Motion to Amend Complaint Instanter." (Doc. No. 37.) Plaintiff responded by filing a Motion to Strike Liberty Mutual's Motion to Intervene. (Doc. No. 43.) Liberty Mutual filed a brief in opposition to Plaintiff's Motion to Strike on September 27, 2021. (Doc. No. 45.) Meanwhile, on August 13, 2021, Plaintiff filed a "Notice of and Motion for Leave to Depose The Honorable Pamela A. Barker and to Call Her to the Stand to Testify in this Case." (Doc. No. 33.)

II. **Analysis**

    A. **"Notice of and Motion to Amend Complaint" (Doc. No. 32), Motion to Intervene (Doc. No. 37) and Motion to Strike (Doc. No. 43)**

Plaintiff's Motion to Amend Complaint, Liberty Mutual's Motion to Intervene, and Plaintiff's Motion to Strike all relate to whether or not Plaintiff should be permitted to amend his Complaint to add the new parties and new claims discussed above. The Court will, therefore, address them jointly.

As discussed *supra,* this Court's Scheduling Order provides that "[t]he pleadings shall be amended *without leave of Court* and new parties shall be joined on or before August 16, 2021." (Doc. No. 22 at p. 1) (emphasis added). Here, it is undisputed that Plaintiff's "Notice of and Motion to Amend Complaint" and proposed First Amended Complaint were filed on August 9, 2021, one week *prior to* the deadline set forth in this Court's Scheduling Order. (Doc. Nos. 32, 32-1.)

Defendant Holly Hazelwood (who is currently the sole named defendant in this action) has not opposed Plaintiff's "Notice of and Motion to Amend." Although Liberty Mutual seeks leave to intervene to oppose amendment, it does not (at any point in either its Motion for Leave to Intervene, proposed Memorandum in Opposition to Plaintiff's Motion to Amend Complaint, or opposition to Plaintiff's Motion to Strike) acknowledge or address the fact that Plaintiff sought leave to amend prior to the expiration of the pleading amendment deadline set forth in this Court's Scheduling Order. (Doc. Nos. 37, 37-1, 45.)

Under Fed. R. Civ. P. 16(b), a district court "must issue a scheduling order" that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." *See Rawls v. Paradise Artists, Inc.*, 2018 WL 10229693 at * 1 (M.D. Tenn. Sept. 25, 2018) (noting that Rule 16 "specifically contemplates that a deadline for motions to amend may be included in the case management scheduling order, which is consistent with the Court's practices as well.") "A scheduling order maintains orderly proceedings and is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril.'" *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) (quoting *Birge v. Dollar Gen. Corp.*, 2006 WL 133480 at *1 (W.D. Tenn. Jan. 12, 2006)). Indeed, Rule 16 expressly provides that a district court's scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). *See also Davis Electronics Co., Inc. v. Springer Capital, LLC*, 2021 WL 1395202 at * 2 (W.D. Ky. April 12, 2021) (noting that "Judge Lindsay's December 2020 scheduling order, which stayed the deadlines for amendments of pleadings and joinder of parties, is controlling.") *See also Harris v. Wells Fargo*, 2019 WL 11583478 at *1 (W.D. Tenn. Feb. 20, 2019) ("Although Rule 15(a) instructs courts to 'freely give leave [to amend] when justice so requires,' a Rule 16(b) scheduling order 'controls the course of the

8

action....'") (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)); *Woodcock v. Kentucky Dep't of Corrections*, 2016 WL 3676768 at * 1 (W.D. Ky. July 6, 2016) ("Because the Court had previously entered a scheduling order pursuant to Federal Rule of Civil Procedure 16 dictating the deadlines for amending the pleadings, 'that rule's standards control.'") (quoting *Hildebrand v. Dentsply Intern., Inc.*, 264 F.R.D. 192, 198 (E.D. Pa. 2010)).

Here, under the Court's CMC Order, Plaintiff was not required to obtain leave to amend his complaint and join new parties so long as he did so before the August 16, 2021 deadline. It is clear from a review of the docket that Plaintiff met this deadline by filing his "Notice of and Motion to Amend," as well as his First Amended Complaint, on August 9, 2021. Therefore, although Plaintiff was not required to obtain leave, the Court nonetheless grants Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 32) on the grounds that his First Amended Complaint was filed prior to the deadline set forth in this Court's CMC Order. The Clerk is directed to refile Plaintiff's First Amended Complaint (Doc. No. 32-1) on the docket upon issuance of this Order. **Plaintiff is directed to promptly file Summons for service on the newly added defendants.**

In light of the above ruling, Liberty Mutual's Motion to Intervene (Doc. No. 37) is denied as moot and Plaintiff's Motion to Strike Liberty Mutual's Motion to Intervene (Doc. No. 43) is denied.

### B. Motion to Depose the Undersigned (Doc. No. 33)

In his Motion, Plaintiff argues that he should be permitted to depose the undersigned because such testimony would be relevant and admissible to his new claims that Holly, Candice, Liberty Mutual, Ms. Kinsey, and The Law Office of Raymond Decker, Jr., committed fraud and perjury regarding the ownership of the vehicle involved in the July 2018 accident. (Doc. No. 33.) Plaintiff explains that he "seeks to prove in the new complaint that the conspirators omitted telling the truth

9

that the defendant was not a proper party when they had a duty in conference with Judge Barker to say so." (*Id.* at p. 4.) Because no court reporter was present for this conference, Plaintiff maintains that "the judge must say whether insurance counsel represented that the defendant in that case was not the proper party but the judge allowed the case to continue anyway." (*Id.*) Plaintiff argues that the testimony of the undersigned is necessary to "prove the element of justifiable reliance for fraud." (*Id*. at p. 5-6.)

Plaintiff's Motion is without merit and denied. Plaintiff has not sufficiently demonstrated that the testimony of the undersigned is necessary to establish any of his claims. Nor has he cited any binding legal authority that would support the extraordinary measure of deposing the judicial officer that is currently presiding over his case. Plaintiff's Motion to Depose the Undersigned (Doc. No. 33) is, therefore, denied.

### III. Conclusion

Accordingly, and for all the foregoing reasons, Plaintiff's Motion to Amend Complaint (Doc. No. 32) is GRANTED. The Clerk is directed to refile Plaintiff's First Amended Complaint (Doc. No. 32-1) on the docket upon issuance of this Order. Plaintiff is directed to promptly file Summons for service on the newly added defendants. Non-party Liberty Mutual's Motion to Intervene (Doc. No. 37) is DENIED AS MOOT. Finally, Plaintiff's Motion for Leave to Depose the Undersigned (Doc. No. 33) and Motion to Strike (Doc. No. 43) are DENIED.

**IT IS SO ORDERED.**

Date: October 14, 2021

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE