UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN MARINKOVIC, | ) | |
| | ) | CASE NO. 1:20-cv-1485 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| HOLLY A. HAZELWOOD, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | |

Before this Court is the motion to dismiss *pro se* Plaintiff Melvin Marinkovic's first amended complaint (Doc. No. 77) filed by Defendants Liberty Mutual Holding Company Incorporated ("Liberty"), Attorney Kesha Kinsey, and Ms. Kinsey's law firm, the Law Office of Raymond H. Decker, Jr. (Ms. Kinsey and her law firm are collectively referred to as "First Lawsuit Defense Counsel").  Plaintiff opposed this motion (Doc. No. 83), and Liberty and First Lawsuit Defense Counsel filed a reply brief in support of their motion (Doc. No. 84).  For the reasons that follow, Liberty and First Lawsuit Defense Counsel's motion to dismiss is GRANTED.

I. **Procedural and Alleged Factual Background**

A. **The Accident**

On July 27, 2018, Plaintiff was hit by a vehicle driven by Defendant Holly Hazelwood ("Holly") in Lyndhurst, Ohio.  (Doc. No. 48 at PageID 428, ¶¶ 6-7.)  Holly also owned the vehicle.  (*Id.* at PageID 481, ¶ 184.)  But, at the accident, Holly represented to the Lyndhurst Police Department that her mother, Defendant Candice Hazelwood ("Candice"), was the vehicle's owner.  (*Id.*)

### B. First Lawsuit

On July 29, 2019, Plaintiff filed a complaint in the Northern District of Ohio against Candice (the "First Lawsuit"). (Case No. 1:19-cv-01710, Doc. No. 1.)[1] In the complaint, Plaintiff sought to recover for various injuries that occurred at the accident. (*See id.*)

Candice moved for summary judgment on Plaintiff's complaint and attached an affidavit in support averring that she was neither the driver nor a passenger of the vehicle that hit Plaintiff but was the vehicle's owner. (Case No. 1:19-cv-01710, Doc. No. 36-1 at PageID 189-90, ¶¶ 5-8.) In response, Plaintiff moved to file an amended complaint, which replaced the negligence and gross negligence claims with negligent entrustment and negligent infliction of emotional distress claims. (Case No. 1:19-cv-01710, Doc. No. 47 at PageID 277.) Plaintiff decided to pursue claims against Candice still because he believed a "jury verdict against [Candice] might be better than against [Holly] . . . because under a court rule . . . [Plaintiff] would be allowed to submit to the jury documents proving a reckless 10-year driving history of [Holly] and show that [Candice] . . . was grossly negligent in loaning her car to a person with a dangerous driving history." (Doc. No. 48 at PageID 487, ¶¶ 202-03.)

The First Lawsuit court granted Plaintiff's motion to amend, and Candice once again moved for summary judgment. (Case No. 1:19-cv-01710, Doc. No. 80.) In support of her motion, Candice provided the Court with an affidavit stating that her daughter Holly was the owner of the vehicle that hit Plaintiff. (Case No. 1:19-cv-01710, Doc. No. 82 at PageID 554, ¶ 5;

---

[1] A court may consider matters of public record in deciding a motion to dismiss without requiring that the motion be converted to one for summary judgment. *See, e.g.*, *Embassy Realty Invs., LLC v. City of Cleveland*, 877 F.Supp.2d 564, 570-71 (N.D. Ohio 2012); *United States of America ex rel. Dingle v. Bioport Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mich. 2003) (observing that public records and government documents, including those available from reliable sources on the Internet, may be subject to judicial notice).

*see also* Case No. 1:19-cv-01710, Doc. No. 97-1 at PageID 647 (interrogatory representing the same attached to Candice's reply brief).)

The First Lawsuit court granted Candice's motion for summary judgment and dismissed Plaintiff's amended complaint.  (Case No. 1:19-cv-01710, Doc. No. 98 at PageID 688.)  In doing so, the court addressed Plaintiff's concern about Candice's contradictory sworn testimony on whether she owned the vehicle that hit him.  (*Id.* at PageID 685.)  The court acknowledged that "Defendant [had] not offer[ed] an explanation for inconsistent affidavits, nor even acknowledge[d] the inconsistency." (*Id.* at PageID 687.)  Nevertheless, the court granted Candice summary judgment because Candice's ownership of the vehicle was immaterial to the court's finding that plaintiff had not put forth sufficient evidence to withstand summary judgment.  (*Id.* at 687-88.)  The grant of summary judgment was later reaffirmed by the court in an order denying Plaintiff's reconsideration motion.  (Case No. 1:19-cv-01710, Doc. No. 105.)  Further, the Sixth Circuit affirmed the district court's dismissal of Plaintiff's claims against Candice in the First Lawsuit.  (Case No. 1:19-cv-01710, Doc. No. 117.)

Candice's summary judgment motions were signed by Candice's Attorney, Defendant Kesha Kinsey.  (Case No. 1:19-cv-01710, Doc. No. 36 at PageID 187; Case No. 1:19-cv-01710, Doc. No. 80 at PageID 541.)  Ms. Kinsey's email address listed on the signature block of each summary judgment motion indicates that she worked for Defendant Liberty.  (Case No. 1:19-cv-01710, Doc. No. 36 at PageID 187; Case No. 1:19-cv-01710, Doc. No. 80 at PageID 541.)  Ms. Kinsey later notified the court that her new address was at Defendant Law Office of Raymond Decker, Jr.  (Case No. 1:19-cv-01710, Doc. No. 111; *see also* Doc. No. 37 at PageID 360 (stating that Ms. Kinsey's current law firm is the Law Office of Raymond Decker, Jr.).)

3

### C. Present Lawsuit

Plaintiff initiated the above-captioned case on July 7, 2020. (Doc. No. 1.) Plaintiff's complaint named Holly as the sole defendant. (*Id.*) On August 9, 2021, Plaintiff filed a motion for leave to amend his complaint. (Doc. No. 32.) Plaintiff's proposed amended complaint alleged claims against Defendants Liberty and First Lawsuit Defense Counsel related to filings in the First Lawsuit. (*Id.* at PageID 235.) Liberty and First Lawsuit Defense Counsel filed a joint motion to intervene to oppose Plaintiff's motion for leave to file amended complaint. (Doc. No. 37 at PageID 360.) The Court granted Plaintiff's motion and denied Liberty and First Lawsuit Defense Counsel's intervention motion as moot, rendering Plaintiff's amended complaint the operative complaint. (Doc. No. 47 at PageID 424.)

On January 18, 2022, Liberty and First Lawsuit Defense Counsel moved to dismiss all claims brought against them in Plaintiff's amended complaint. (Doc. No. 77.) Plaintiff alleged six causes of action against Liberty and First Lawsuit Defense Counsel: (1) bad faith, (2) fraud,[2] (3) violation of the Civil Rights Act, 42 U.S.C. § 1983,[3] (4) violation of the Fifth Amendment of the United States Constitution, (5) civil perjury, and (6) civil conspiracy. Plaintiff seeks over $22 billion in compensatory and punitive damages. (Doc. No. 48 at PageID 509.)

## II. Discussion

### A. Standard of Review

When considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the

---

[2] Plaintiff's "Bad Faith" and "Fraud Claims" were both listed in a section titled Count V in Plaintiff's amended complaint. (Doc. No. 48 at PageID 480.) Because these claims have separate elements and are dismissed for unique reasons, the Court analyzes them separately.

[3] Plaintiff's "Civil Rights Act" claim is premised on violations of his Fourteenth Amendment rights. (*See* Doc. No. 48 at PageID 495, ¶ 227.)

plaintiff and accept all well-pleaded material allegations as true. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The sufficiency of the complaint is tested against the notice pleading requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this standard is a liberal one, a complaint must still provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Facial plausibility means that the complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Such plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 566 U.S. at 678.

A complaint need not set down in detail all the particulars of a plaintiff's claim. However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678 (holding that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "Bare assertions," basic recitations of the elements of the cause of action, or "conclusory" allegations are not entitled to

5

the assumption of truth and, without more, do not satisfy the Rule 8 notice standard. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Factual allegations, assumed to be true, must raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although this Court will not demand strict formalities and all the trimmings from a party *pro se*, the Court also will not conjure unpled facts, nor will it construct causes of action. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Any complaint must give the defendants fair notice of what the plaintiff's claim is and reveal the grounds upon which it rests. *Lillard v. Shelby Cnty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted).

### B. *Res Judicata* Argument

As an initial matter, Plaintiff asserts that the arguments advanced in Liberty and First Lawsuit Defense Counsel's motion to dismiss are barred by *res judicata*. (Doc. No. 83 at PageID 799-802.) Specifically, Plaintiff articulates that this Court's denial of Liberty and First Lawsuit Defense Counsel's arguments in their intervention motion prohibits Liberty and First Lawsuit Defense Counsel from raising the same arguments in a motion to dismiss. (*See id.*) This argument is not well taken.

"The doctrine of *res judicata* or claim preclusion states that a final and valid judgment on the merits of a claim precludes subsequent action on that claim. The doctrine precludes re-litigation on claims actually litigated as well as claims that could have been litigated." *Knox Cnty. Educ. Ass'n v. Knox Cnty. Bd. of Educ.*, 158 F.3d 361, 376 (6th Cir. 1998). For *res*

*judicata* to apply, four elements must exist: (1) a final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties; (3) a second action raising claims that could have litigated in the first action; and (4) a second action arising out of the same transaction or occurrence that was the subject matter of the first action. *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir. 1997).

Plaintiff cannot establish the first element. The intervention motion was denied as moot. (Doc. No. 47 at PageID 424.) The Court expressly declined to address Liberty and First Lawsuit Defense Counsel's arguments on the merits. (*Id.*)

Accordingly, the Court considers all arguments advanced in the motion to dismiss.

### C. Bad Faith Claim

Plaintiff's amended complaint does not provide Defendants or the Court with a clear understanding of the legal authority and factual allegations that support his bad faith claim. (*See* Doc. No. 49 at PageID 480-93.) In his opposition brief, however, Plaintiff clarifies that his bad faith claim is based on his belief that he is a third-party beneficiary to an insurance agreement between Liberty and Candice or Holly. (*See* Doc. No. 83 at PageID 806-11.) Plaintiff has not stated a viable bad faith claim.

In Ohio, an "insurance company has a duty to act in good faith in settling claims and . . . this duty runs only from the insurer to the insured, not to third parties." *Pasipanki v. Morton,* 572 N.E.2d 234, 235 (Ohio Ct. App. 1990). Consequently, "a third party has no cause of action for bad faith against the [insured's] insurance company." *Murrel v. Williamsburd Local Sch. Dist.,* 634 N.E.2d 263, 265 (Ohio Ct. App. 1990); *see also Siemientkowski v. State Farm Ins. Co.*, 2005-Ohio-4295, 2005 WL 1994486, at *4 (Ohio Ct. App. 2005) ("Although an insurer owes a duty to its insured to negotiate in good faith with a party injured by the insured,

there is no such independent duty to the injured party, **nor is he a third party beneficiary to the insurance contract**." (emphasis added)).[4] In sum, Ohio only allows the insured to bring a bad faith claim against its insurance company.

The amended complaint contains no allegation that Plaintiff was insured by a Liberty policy. Plaintiff, therefore, has no cause of action against Liberty or First Lawsuit Defense Counsel (as ostensible agents of Liberty) for bad faith denial of coverage.

Accordingly, Plaintiff's bad faith claim brought against Liberty and First Lawsuit Defense Counsel is dismissed.

### D. Fraud Claim

Plaintiff's fraud claim against Liberty and First Lawsuit Defense Counsel is premised on Liberty and First Lawsuit Defense Counsel's initial misrepresentation to Plaintiff and the First Lawsuit court that Candice was the vehicle's owner. (*See* Doc. No. 484 at PageID 484-87, ¶¶ 191-201.) Plaintiff states that this misrepresentation harmed him because he continued to devote time to his action against Candice, as he believed she was the owner, which he would have devoted to prosecuting a case against Holly. (*Id.* at PageID 487, ¶ 202.)

Under Ohio law, to plead a fraud claim, the plaintiff must allege: (1) a representation or concealment of fact when there is a duty to disclose; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to its truth or falsity that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the misrepresentation or

---

[4] The only case that Plaintiff cited for the proposition that injured third parties have rights as beneficiaries to insurance contracts was a Tenth Circuit case applying Colorado law. (Doc. No. 83 at PageID 807-08 (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 713-14 (10th Cir. 2005)).).

concealment; and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984).

There are numerous reasons as to why Plaintiff's fraud claim against Liberty and First Lawsuit Defense Counsel fails. But the Court will focus on the most glaring one: Plaintiff failed to plead that either Liberty or First Lawsuit Defense Counsel made a *material misrepresentation*.[5] Specifically, the First Lawsuit court made an express finding that the ownership of the vehicle was immaterial to its decision to dismiss Plaintiff's complaint. (Case No. 1:19-cv-01710, Doc No. 98 at Page ID 687-88.) In other words, the court found that even if Candice – not Holly – was the owner of the vehicle, Plaintiff could not have survived Candice's summary judgment motion. (*Id.* ("[B]ecause summary judgment in favor of Defendant is proper even if the ownership issue were to be resolved in Plaintiff's favor, it is not material, and does not preclude the entry of summary judgment in this case.").) This finding was upheld by the Sixth Circuit. (Case No. 1:19-cv-01710, Doc. No. 117.)

Plaintiff's argument that this decision is not the law of this case is wholly irrelevant. (*See* Doc. No. 83 at PageID 804-06.) By citing the First Lawsuit dismissal, this Court is simply recognizing the irrefutable fact that the First Lawsuit would have been dismissed even if Candice was the owner of the vehicle. (Case No. 1:19-cv-01710, Doc No. 98 at Page ID 687-88.)

---

[5] To quickly identify another, the Court notes that to plead a viable fraud claim, Plaintiff would have had to allege facts showing that these Defendants intentionally disclosed that Candice was the driver in order to deceive Plaintiff. And, under Fed. R. Civ. P. 9(b), such facts must be alleged with "particularity." Plaintiff's ability to meet this heightened pleading standard is completely undermined by the fact that Plaintiff's amended complaint admits that First Lawsuit Defense Counsel later "[told] the truth" in the First Lawsuit before the court rendered a final judgment. (Doc. No. 48 at PageID 488, ¶ 206.)

9

Plaintiff, therefore, cannot plead as a matter of law that any representation Liberty or First Lawsuit Defense Counsel made on this issue was material and constituted fraud.[6]

Accordingly, Plaintiff's fraud claim against Liberty and First Lawsuit Defense Counsel is dismissed.

### E. Constitutional and Civil Rights Claims

Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his Fifth and Fourteenth Amendments rights. (Doc. No. 48 at PageID 495, 498 ¶¶ 227, 237.) To plead a colorable § 1983 claim, the plaintiff must allege that the defendant: (1) deprived him of a right or privilege secured by the Constitution and laws of the United States and (2) that the deprivation occurred under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Plaintiff did not adequately allege the second element, and his opposition brief arguments fail as a matter of law.

Plaintiff argues that he adequately pled that the movant Defendants are state actors because Liberty conspired with First Lawsuit Defense Counsel, who are state actors by virtue of being "officers of the Supreme Court of Ohio." (Doc. No. 83 at PageID 819.) But the law rejects this theory: private lawyers are not state actors simply because they are licensed to practice law by the state. *E.g.*, *Polk County v. Dodson,* 454 U.S. 312, 318 (1981); *Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002); *Campbell v. Strong*, 865 F.2d 1267, at *1 (6th Cir. 1988); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165-66 (6th Cir. 2003).

---

[6] Plaintiff also attempts to argue that this decision is not binding on this Court because there was "fraud on the court." (Doc. No. 83 at PageID 802-04.) To prove "fraud on the court," Plaintiff must show that the First Lawsuit court was deceived. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). But the court was not deceived regarding the ownership issue because (a) it acknowledged the inconsistent affidavits and (b) expressly found that such inconsistency did not factor into its decision to dismiss the case. (Case No. 1:19-cv-01710, Doc No. 98 at PageID 687-88.) Put another way, Liberty and First Lawsuit Defense Counsel never caused the court to believe that Candice, not Holly, was the owner of the vehicle, and thus they never deceived the court. (*See id.*)

Plaintiff also argues that Liberty acted under the color of state law by conspiring with police officers to conceal the vehicle owner's identity. (Doc. No. 83 at PageID 819.) But the amended complaint does not allege that Liberty was at the scene of the accident or ever provided police officers with any false information. Instead, Plaintiff alleges that Holly was the person who made representations to officers at the scene of the accident. (Doc. No. 48 at PageID 481, ¶ 184.)

Accordingly, Plaintiff's constitutional claims against Liberty and First Lawsuit Defense Counsel are dismissed.

### F. Civil Perjury Claim

Plaintiff alleges a claim against Liberty and First Lawsuit Defense Counsel for civil perjury. (Doc. No. 48 at PageID 502, ¶ 250.) Ohio does not recognize a claim for civil perjury. *E.g.*, *Pratt v. Payne*, 794 N.E.2d 723, 725 (Ohio Ct. App. 2003) ("Like most jurisdictions, Ohio does not permit civil actions against persons who give false testimony in judicial proceedings"). Plaintiff acknowledges that Ohio rejects these causes of action but asks this Court to create a federal common law cause of action under *Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976 (6th Cir. 1993). (Doc. No. 83 at PageID 822.) But *Smith* makes clear that "[a]bsent Congressional authorization[,] . . . 'federal common law' exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate or international disputes implicating the conflicting rights of the States or relations with foreign nations, and admiralty cases." *Id.* at 981. Plaintiff did not – and cannot – show that perjury in civil cases is one these "narrow areas" of law. *See id.*

Accordingly, Plaintiff's civil perjury claim against Liberty and First Lawsuit Defense Counsel is dismissed.

### G. Civil Conspiracy Claim

Plaintiff's final claim against Liberty and First Lawsuit Defense Counsel is a civil conspiracy claim.  (Doc. No. 48 at PageID 504, ¶ 258.)  Such a claim requires that the plaintiff allege "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages."  *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 768 (6th Cir. 2020) (quotations and citations omitted).  "A combination is 'malicious' only if one acts with a 'state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another.'"  *Id.* (citations omitted).  Moreover, in Ohio, "[a] civil conspiracy claim requires an underlying tortious act that causes an injury."  *Gator Dev. Corp. v. VHH, Ltd.*, 2009-Ohio-1802, 2009 WL 1027584, at *6 (Ohio Ct. App. 2009). !!!

Plaintiff's amended complaint and opposition brief explain the civil conspiracy claim, which Plaintiff states is premised on Liberty and First Lawsuit Defense Counsel colluding with Candice and Holly to conceal the true owner of the vehicle in order to stifle his ability to recover from the accident.  (*See* Doc. No. 48 at PageID 506, ¶ 262.)  But the same fact that dooms his fraud claim also dooms this civil conspiracy claim: Plaintiff cannot show that any misrepresentation regarding the vehicle's ownership injured him.  (Case No. 1:19-cv-01710, Doc No. 98 at Page ID 687-88.)  As the Court has already stated, the First Lawsuit court expressly found that the ownership issue was irrelevant to Plaintiff's ability to collect from Candice.  (*Id.*)  Plaintiff, therefore, cannot show that Liberty and First Lawsuit Defense Counsel maliciously conspired against him – and certainly not that any alleged conspiracy resulted in any injury to him.  His civil conspiracy claim fails as a matter of law.

12

Accordingly, Plaintiff's civil conspiracy claim against Liberty and First Lawsuit Defense Counsel is dismissed.

### H.  Unpled California Law Claims

In his opposition brief, Plaintiff announces that he is also moving under California law for deceit and personal injury claims.  (Doc. No. 83 at PageID 815.)

"It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."  *Gen. Elec. Co. v. S & S Sales Co.*, No. 1:11-cv-00837, 2012 WL 2921566, at *4 (N.D. Ohio July 17, 2012).  Plaintiff, therefore, cannot attempt to withstand a motion to dismiss by stating new claims in his opposition brief.  *See id.*

Moreover, even if Plaintiff's amended complaint contained California law causes of action, these claims would have been dismissed because Plaintiff could not have shown that Ohio's choice-of-law principles would have favored applying California law when all conduct causing the alleged injury occurred in an Ohio court and when at least some of the injury was felt in an Ohio court.  *Malcmacher v. Jesse,* 786 F. App'x 558, 565 (6th Cir. 2019) (noting that place of injury and conduct causing injury are relevant in Ohio's choice-of-law rules).  (Doc. No. 48 at PageID 487, ¶ 202 (alleging that Defendants' misrepresentations negatively impacted his ability to pursue claims in Ohio courts).)

## III. Conclusion & Case Management Notifications

For the reasons stated above, the Court GRANTS Liberty and First Lawsuit Defense Counsel's motion to dismiss Plaintiff's amended complaint.  (Doc. No. 77.)  Liberty and First Lawsuit Defense Counsel are hereby dismissed *with prejudice* from the above-captioned case.

The Court will hold a telephonic status conference with the remaining parties on January 10, 2023, at 1:00 p.m.  The Court notes that Plaintiff failed to attend the last status conference

held on March 10, 2022. Plaintiff's failure to attend this status conference will result in the dismissal of Plaintiff's remaining claims *with prejudice*.[7]

The Court also notes that Plaintiff's opposition brief failed to comply with Local Rule 7.1's page limitations because Plaintiff – without first seeking leave from this Court – determined this case is "far more complex" than a Standard Track case. (Doc. No. 83 at PageID 795.) Plaintiff cannot make a unilateral determination of a case's track designation. Plaintiff is aware of this fact, as he tried to pull a similar maneuver in the First Lawsuit, which the court rejected. (Case No. 1:19-cv-01710, Doc. No. 70.) The Court hereby notifies Plaintiff that failure to comply with the Local Rules governing Standard Track cases in future filings will result in the non-compliant filing being immediately stricken from the record.[8]

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: December 2, 2022

---

[7] The First Lawsuit docket indicates that Plaintiff had similar trouble attending court-ordered status conferences and was given a similar warning. (Case No. 1:19-cv-01710, Doc. No. 49.) Because Plaintiff's disregard for court orders appears to be an ongoing problem, the Court will not consider a lesser sanction than dismissal *with prejudice* if Plaintiff fails to attend.

[8] As indicated in the Standing Order (Doc. No. 86), when a party files a document over the page limitations, the Court retains the discretion to "strike the document in its entirety, deem the memorandum to have concluded on the last page permitted by the LR 7.1(f) or Court Order (whichever applies), or such other action as it deems appropriate." Given the notice provided in this Order, the Court deems striking future non-compliant documents entirely to be the appropriate remedy.