UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN MARINKOVIC, | ) | |
| | ) | CASE NO. 1:20-cv-1485 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| HOLLY A. HAZELWOOD, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

Before this Court is Plaintiff's Notice of and Motion to Reconsider the 12/2/2022 Memorandum Opinion and Order (Doc. No. 87), 2/15/2023 Order (Doc. No. 106),[1] and 4/11/2023 Non-Document Order; Certify Questions under § 1292(b); and Stay Proceedings until the Circuit Reviews Plaintiff's Proposed Perlman Exception by Appeal or Mandamus and to Shorten Time to Rule. (Doc. No. 118.)

In his motion, Plaintiff appears to seek three types of relief: (1) reconsideration of the Court's Orders granting the Liberty Defendants' motion to dismiss, denying his proposed protective order, and denying his request for in camera review of work product; (2) certification of an interlocutory appeal under 28 U.S.C. § 1292(b); and (3) a stay of all discovery deadlines while he pursues the appeal noticed in Doc. No. 117.

---

[1] The 2/15/2023 Order referenced in the motion's caption denied five motions filed by Plaintiff. (Doc. No. 106.) However, the only portion of this Order that Plaintiff appears to be asking for this Court to reconsider is the denial of his proposed protective order

**Reconsideration**

Although the Federal Rules of Civil Procedure do not formally provide for reconsideration, the reasons for altering or amending a judgment under Fed. R. Civ. P. 59 or for obtaining relief from a judgment under Fed. R. Civ. P. 60 generally delineate the circumstances under which a court will grant reconsideration.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or that reconsideration is necessary to prevent manifest injustice. *Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion.  *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

Reconsideration constitutes an "extraordinary remedy reserved for exceptional cases." *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations and quotations omitted).  It is not an opportunity to reargue matters or "to raise arguments which could, and should, have been made before judgment issued."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Fed. Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

The Court has reviewed Plaintiff's arguments and finds that he did not carry his burden of demonstrating why reconsideration is necessary.  He did not point to a change in controlling authority, provide the Court with any new evidence that alters its reasoning, show that a clear error occurred, or articulate that reconsideration is necessary to prevent manifest injustice. Accordingly, his motion is DENIED to the extent it asks the Court to reconsider any of its previous Orders.

### Certification of Interlocutory Appeal

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b). *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 36 (1995). Certification under that statute is granted "sparingly" and only in "exceptional cases." *Kraus v. Board of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966). Certification is appropriate where (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b) & *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

After carefully considering Plaintiff's arguments, the Court determines that this case is not one of the exceptional cases where certification is appropriate. Accordingly, the Court DENIES Plaintiff's motion as it relates to certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### Issuance of Stay

"There is no precise test in this Circuit for when a stay is appropriate." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005). In addressing that issue, courts commonly consider several factors, including: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether a stay would lessen the burden of litigation for the parties and the court. *See, e.g.*, *Int'l Watchman Inc. v. Barton Watchbands Holdco, LLC*, No. 1:19-cv-2310, 2021 WL 855119, at *3 (N.D. Ohio Mar. 8, 2021). And it is the party seeking the stay who bears the burden of showing both a need for

delay and that "neither the other party nor the public will suffer harm from entry of the order." *Id.* (citation omitted).

The Court has reviewed Plaintiff's motion and declines to issue a stay. Plaintiff has already been granted leave to amend his complaint. (Doc. No. 47.) He has also been granted extensions for deadlines on two occasions. (3/10/2022 Non-Document Order; Doc. No. 93.) A Protective Order is in place – and it is the protective order attached to the District's Local Civil Rules at Appendix L. This case is currently scheduled for trial on October 23, 2023. (Doc. No. 115.) Simply stated, a stay is unnecessary and will needlessly delay a matter that been pending for nearly three years. Absent extraordinary circumstances, the Court will not continue dates or deadlines currently in place.

### Case Management Notifications

First, in his motion, Plaintiff represented that he did not receive the Court's previous orders due to problems with the United States Postal Service. Although the docket indicates that all orders have been mailed to Plaintiff's listed address, his representations have been considered. The Court, however, notes that it previously granted Plaintiff e-filing privileges. (Doc. No. 106.) Plaintiff was instructed how to use his e-filing privileges via an email from the Clerk's Office. Further, all information regarding e-filing privileges is available on the Northern District of Ohio's website.[2] Accordingly, the Court will not tolerate late submissions due to Plaintiff's failure to access the e-filing system.

Second, the Court notes that Plaintiff's motion revealed that he is concerned about the potential misappropriation of his medical records. On April 26, 2023, the Court entered a

---

[2] The form that Plaintiff is required to fill out is available at the following URL: https://www.ohnd.uscourts.gov/sites/ohnd/files/Application%20-%20Pro%20Se%20Efile%20or%20Read%20Only.pdf

4

Protective Order, which, among other things, protects against the unauthorized use of confidential information produced in discovery. (Doc. No. 116.) Plaintiff is to familiarize himself with the Protective Order – particularly the procedures that guard against many of the concerns identified in his motion.[3] Plaintiff is also instructed that court filings cannot be sealed absent a court order. To the extent Plaintiff seeks to seal any filing, in whole or in part, he must first file a motion to do so, and the motion must be in line with the requirements stated in *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) and *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919 (6th Cir. 2019).

Third, the Court is aware that Plaintiff has filed additional discovery motions. (Doc. Nos. 119 & 120.) Defendants must respond to these motions on or before May 10, 2023.

**IT IS SO ORDERED.**

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: May 5, 2023

---

[3] Additionally, Plaintiff should review the Court's 9/7/2021 Order, in which the Court explained that Ohio attorneys are "bound by their professional duty as officers of the court to keep any medical records obtained in connection with this litigation confidential." (Doc. No. 44 at PageID 403-04.)